**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ACCESS 4 ALL, INC., a Florida not for profit
corporation, and NELSON M. STERN,
individually,

                          Plaintiffs,
                                                                    **ORDER**

              - against -
                                                                    CV 06-5487 (AKT)

135 WEST SUNRISE REALTY CORP.,
a New York Corporation,

                          Defendant.
----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.     <u>PRELIMINARY STATEMENT</u>

        Before the Court is a motion by Plaintiffs Access 4 All, Inc. and Nelson M. Stern's for

attorney's fees, costs, and expert witness fees [DE 20]. The parties have consented to my

jurisdiction for all purposes, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil

Procedure 73 [DE 23]. After a thorough review of the arguments presented in Plaintiffs' papers

in support of their motion [DE 20, 25], and Defendant 135 West Sunrise Realty Corp.'s

opposition [DE 24], and for the reasons set forth below: (1) Plaintiffs' motion for attorney's fees

is GRANTED to the extent set forth herein; (2) Plaintiffs' motion for costs is GRANTED and

Plaintiffs shall be awarded costs in the amount of $1,702.74; and (3) Plaintiffs' motion for expert

witness fees is GRANTED to the extent that Plaintiffs are awarded $4,637.25.

II.    <u>BACKGROUND</u>

        Plaintiffs commenced this action against Defendant in October 2006 seeking declaratory

and injunctive relief, as well as attorney's fees, costs, and litigation expenses, pursuant to

42 U.S.C. § 12205.  Plaintiffs alleged that Defendant violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), because "architectural barriers" existed at Defendant's shopping center (the "Premises") which denied Plaintiff and other similarly situated disabled individuals "access to full enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations" of the facility.  Compl. ¶¶ 3, 6, 13.

Defendant interposed its Answer on April 12, 2007 [DE 9].  On May 22, 2007, Defendant requested an adjournment of the initial discovery planning conference because the parties were "conducting extensive settlement negotiations." [DE 12].  An initial conference was held on July 11, 2007, and following a telephone status conference on August 7, 2007, I noted the following in a Civil Conference Minute Order:

> Based upon the July 19, 2007 letter of Defendant's counsel [DE 18] as well as the discussion with the parties during today's conference, it appears that this case has been settled in principle and that the parties will be entering into a consent judgment, with the exception of one issue.  That issue involves attorney's fees in the case, which the parties have agreed to submit to the Court for a determination.

[DE 19].

On or about August 31, 2007, the parties executed a Settlement Agreement.  *See* Decl. in Opp. to Pl.'s Application for Attorneys' Fees, Expenses & Costs (hereinafter "Curto Decl."), Ex. A.  The Settlement Agreement provided that "Defendant does not admit the allegations of the Plaintiffs' Complaint, but recognizes that the Plaintiffs might prevail and receive some of the relief on the merit of their claim."  *Id.*  In consideration for resolving the litigation, Defendant agreed to (1) make 13 physical modifications to the Premises to ensure compliance with the ADA; (2) evict a certain tenant of the Premises and to ensure that the portion of the Premises at

2

issue complied with the ADA when it was re-leased to a new tenant; and (3) implement a policy

"maintaining in operable working condition those features that are required to be readily

accessible to and usable by persons with disabilities." *Id.*

The Settlement Agreement also provided as follows:

\* \* \* \*

2. The parties are unable to agree as to the amount, if any, that Defendant shall pay as attorneys' fees, litigation expenses, expert's fees and costs. This issue shall be determined by the Magistrate Judge. Defendant expressly waives the defense of standing, but reserves the right to challenge the issue of the calculation of Plaintiffs' reasonable attorney fees, costs, expert fees and litigation expenses.

3. The parties hereby agree and will request the Court approve and enter this Agreement, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of the Agreement.

*Id.* Also on August 31, 2007, the parties filed a Stipulation of Discontinuance that discontinued

the action with prejudice and provided, in relevant part:

IT IS HEREBY FURTHER STIPULATED AND AGREED that the parties will refer to the Magistrate Judge the determination of the amount, if any, that Defendant shall pay as and for attorneys' fees, litigation expenses, expert's fees and costs in this action pursuant to a Settlement Agreement ("Agreement") executed between the parties, and that the Court shall retain jurisdiction to enforce, as necessary, the terms of said Agreement.

[DE 21]. The Court "so ordered" the Stipulation of Discontinuance [DE 28].

III.  **P**REVAILING **P**ARTY **S**TATUS

As a threshold matter, the Court must determine whether Plaintiffs are "prevailing parties" entitled to an award of attorney's fees, costs, and litigation expenses pursuant to the ADA.  *See* 42 U.S.C. § 12205.[1]

A.  **Parties' Contentions**

Plaintiffs highlight that the Settlement Agreement expressly provides that the Court will retain jurisdiction to enforce its terms, Pls.' Verified Application for Att'ys Fees, Litigation Expenses & Costs & Incorp. Mem. of Law ("Pls. Mem.") at 3-4.  The Stipulation of Discontinuance also contains this express retention of jurisdiction and states that "the parties will refer to the Magistrate Judge the determination of the amount, if any, that Defendant shall pay as and for attorneys' fees," Pls.' Reply in Supp. of Verified Application for Att'ys Fees, Litigation Expenses & Costs & Add'l Verification ("Reply Mem.") at 2, 3.  Plaintiffs argue that the Second Circuit's decision in *Roberson v. Giuliani*, 346 F.3d 75 (2d Cir. 2003) controls, and because the Court retained enforcement jurisdiction over an otherwise private settlement agreement, Plaintiffs are properly considered a prevailing party.  Reply Mem. at 2-3.

Defendant argues first that the parties entered into a private settlement agreement in which Defendant did not admit liability and "whereby Defendant voluntarily agreed to ameliorate the alleged ADA violations in exchange for discontinuance of the action."  Mem. of Law in Opp'n to Pls.' Application for Att'ys Fees, Litigation Expenses and Costs ("Def. Mem.") at 2.  As such, Defendant contends, "filing of the suit served as a mere 'catalyst' to the [ADA-

---

[1]      "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ."  42 U.S.C. § 12205.

compliant] changes being made" and so "Plaintiffs cannot be classified as 'prevailing parties.'" *Id.* at 3. Defendant also argues that "although the Settlement Agreement is mentioned in the Stipulation of Discontinuance, the terms of same are not incorporated therein." *Id.* at 4.

**B.    Legal Standard and Analysis**

The Second Circuit has held that "in order to be considered a 'prevailing party' . . . a plaintiff must not only achieve some 'material alteration of the legal relationship of the parties,' but that change must also be judicially sanctioned." *Roberson v. Giuliani*, 346 F.3d 75, 79-80 (2d Cir. 2003) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001)). The Supreme Court has found that "enforceable judgments on the merits" and "settlement agreements enforced through a consent decree" constitute sufficient "material alteration[s] of the legal relationship of the parties" to justify attorney's fee awards. *Buckhannon*, 532 U.S. at 604-05. A private settlement agreement, by contrast, does not "entail the judicial approval and oversight involved in consent decrees," and is not, alone, a sufficient "material alteration" of the parties' legal relationship to justify an award of attorney's fees. *See id.* at 604 n.7.

More recently, the Second Circuit held that "the two forms of relief identified by the Supreme Court [in *Buckhannon*] as justifying prevailing party status," namely, a judgment on the merits or a court-ordered consent decree, were merely "examples" and were not the exclusive types of "judicial action that could convey prevailing party status." *Roberson*, 346 F.3d at 80-81. Accordingly, "judicial action other than a judgment on the merits or a consent decree can support an award of attorney's fees, so long as such action carries with it sufficient judicial imprimatur." *Id.* at 81 (collecting cases from other circuits that also rejected a narrow reading of *Buckhannon*).

5

In *Roberson*, the parties entered into a settlement agreement resolving the Section 1983 class action claims in the Complaint. *Id.* at 77-78. The agreement provided that it would not become effective if the court's order discontinuing the action "does not include a provision retaining jurisdiction over enforcement." *Id.* at 78. The agreement also stated that "[t]he issue of plaintiffs' entitlement to an award of attorneys' fees and costs and disbursements is reserved for later determination upon application to the Court . . . ." *Id.* Subsequently, the parties executed a Stipulation and Order of Discontinuance that acknowledged that the parties had entered into a settlement agreement dismissing plaintiffs' claims with prejudice. The Stipulation and Order of Discontinuance also provided that the court "shall retain jurisdiction over the settlement agreement for enforcement purposes," but the terms of the settlement agreement were not otherwise incorporated. *Id.*

The Second Circuit found that "the district court's retention of jurisdiction in this case is not significantly different from a consent decree and entails a level of judicial sanction sufficient to support an award of attorney's fees." *Id.* at 82; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (noting in dicta that "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision [such as a provision 'retaining jurisdiction' over the settlement agreement] or by incorporating the terms of the settlement agreement in the order . . . a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist."). When the lower court in *Roberson* "retained jurisdiction according to the procedures approved in *Kokkonen*, it gave judicial sanction to a change in the legal relationship of the parties," and so the plaintiffs were properly considered "prevailing parties" entitled to an

award of attorney's fees. *See Roberson*, 346 F.3d at 83. *Accord A.R. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 78 (2d Cir. 2005) (applying *Buckhannon* and *Kokkonen* to find administrative agency's dismissal of action that contained endorsement of settlement agreements rendered plaintiffs "prevailing parties" entitled to attorney's fees); *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320-21 (11th Cir. 2002) (finding that "if the district court either incorporates the terms of the settlement into its final order of dismissal or expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement . . . [, which] clearly establishes a 'judicially sanctioned change in the legal relationship of the parties,' . . . sufficient to render [plaintiff] a 'prevailing party'" entitled to attorney's fees in an ADA action).

Here, the Stipulation of Discontinuance contained a separate provision stating that "the Court shall retain jurisdiction to enforce, as necessary, the terms of said [Settlement] Agreement" [DE 21]. Thus, as was the case in *Roberson*, the parties' compliance with the terms of the Settlement Agreement became a part of the Court's Order endorsing the Stipulation of Discontinuance, and "a breach of the [Settlement Agreement] would be a violation of the order." *See Kokkonen*, 511 U.S. at 381. Defendant's argument that the parties entered into a private settlement agreement without the requisite "judicial imprimatur" is misplaced. As Defendant notes in its opposition brief, the Settlement Agreement "provides that the Court retain jurisdiction to enforce the terms thereof." Def. Mem. at 5. What Defendant does not acknowledge in its brief, however, is that this specific provision allowing the Court to retain jurisdiction to enforce the Settlement Agreement is repeated in the Stipulation of Discontinuance. Based on the precedent set by the Second Circuit in *Roberson*, I find that this Court's express retention of jurisdiction over the enforcement of the Settlement Agreement – a provision drafted

by the parties and obviously agreed to by them – constitutes a "judicially sanctioned change in the legal relationship of the parties." Consequently, Plaintiffs are properly considered "prevailing parties" entitled to an award of attorney's fees. *See Roberson*, 346 F.3d at 79.

## IV.   AMOUNT OF ATTORNEY'S FEES TO BE AWARDED

### A.   Legal Standard

Having established that Plaintiffs are "prevailing parties" under the ADA, the Court must now determine the "reasonable attorney's fee" to which they are entitled. *See* 42 U.S.C. § 12205. The approach most recently espoused by the Second Circuit to determine appropriate attorneys' fees in federal litigation uses as a standard a "presumptively reasonable fee." *Arbor Hill Concerned Citizens v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008), *amending* 493 F.3d 110 (2d Cir. 2007);[2] *see also Barfield v. N.Y. City Health & Hospitals Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) (reiterating the "presumptively reasonable fee" standard). This presumptively reasonable fee should represent "what a reasonable, paying client would be willing to pay" for legal services rendered, and a court should consider the following factors in its calculation:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether the attorney had an interest (independent of that of his client) in achieving the ends of the litigation or initiated the representation himself, whether the attorney was initially acting *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) the attorney expected from the representation.

---

[2]   The Second Circuit has recommended abandoning the term "lodestar" as its meaning has "shifted over time, and its value as a metaphor has deteriorated to the point of unhelpfulness." *Id*.

*Arbor Hill*, 522 F.3d at 184.

The "presumptively reasonable fee" is comprised of a "reasonable hourly rate multiplied by a reasonable number of expended hours." *Finkel v. Omega Commc'n Services, Inc.*, No. 06-CV-3597, 2008 WL 552852, at *6 (E.D.N.Y. Jan. 23, 2008). "The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged." *Id.* (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)).

### B.      Procedural Setting and Timing of Settlement in this Case

Before turning to the issue of what constitutes a "presumptively reasonable fee," the Court needs to address the procedural posture of this case. Subsequent to the Complaint being filed on October 11, 2006 and served on December 11, 2006, the parties entered into a Stipulation on April 3, 2007 extending Defendant's time to answer the Complaint to April 12, 2007. An Order was issued on April 16, 2007 directing the parties to appear before me on June 1, 2007 for the Initial Conference and further directing the parties to submit on ECF, in advance of the conference, their joint proposed discovery plan.

On May 21, 2007, the parties filed a joint letter requesting an adjournment of the June 1, 2007 Initial Conference because "the parties are conducting extensive settlement negotiations intended to fully resolve the dispute" and noting that both sides had already conducted a "mutual inspection of the subject premises" [DE 12]. That application was granted on May 25, 2007 and the Initial Conference was adjourned to July 6, 2007. In that May 25 Order, I directed the parties to make their Rule 26(a) initial disclosures. Based on a scheduling conflict of one of the attorneys, the conference was re-scheduled to July 11, 2007.

The day before the July 11 scheduled conference, Defendant's counsel filed a letter to the Court advising that "all matters with regard to this case have been resolved, except for the issue of attorney's fees sought by Plaintiffs' counsel" [DE 14]. Counsel indicated that the parties would be appearing on July 11, 2007 to seek the Court's guidance with regard to resolving that outstanding issue.

After meeting with the parties on July 11, 2007, it was clear to me that there were several issues concerning the settlement proposal with which the parties were still at odds. Defendant's counsel raised an issue concerning a defense of standing and I directed Defendant's counsel to confer with his client and to report back to me in writing within ten (10) days. I further directed the parties to resolve dates for the discovery plan and to file the same on ECF by July 19, 2007, which they did. *See* DE 15, 16. On July 19, 2007, Defendant's counsel notified the Court that Defendant was waiving the defense of standing [DE 18] and asked the Court to schedule a conference since the parties had agreed to all of the terms of settlement, except the issue of attorney's fees.

I held a telephone conference with the parties on August 7, 2007 at which time they advised that they were entering into a consent judgment, with the exception of the attorney's fee issue, which the parties agreed to submit to the Court for determination [DE 19]. The parties further informed that they had discussed and consented to having this case heard before me for all purposes, pursuant to 28 U.S.C. § 636(c). In light of that development, I set a briefing schedule for Plaintiff's motion for attorney's fees and costs. Formal consent to my jurisdiction was filed by the parties on September 13, 2007 and signed by the assigned district judge on September 19, 2007. The parties then filed the motion papers which are the subject of this Order.

The Court directed no discovery in this case beyond the Rule 26(a) automatic disclosures.  In addition, the Initial Conference was never held.  These procedural facts are significant as they apply to the parties' positions in this fee application.

### C.     Reasonable Hourly Rate

To determine reasonable hourly rates, the Court must refer to "the prevailing [market rates] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).  The Court must consider the factors enumerated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)[3] and must remain mindful that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190.

"Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." *Cho v. Koam Med. Serv. P.C.*, 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007) (awarding fees in FLSA and New York Labor Law case based on $250 hourly rate for partner, $150 hourly rate for associate, and $75 hourly rate for legal assistant) (collecting cases, including *Corbett v. Reliance Moving & Storage, Inc.*, No. 1:00-cv-

---

[3]     The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitation imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Johnson*, 488 F.2d at 717-19.

07656 (E.D.N.Y. May 30, 2007) (unpublished) (awarding an hourly rate of $250 per partner, $200 per senior associate, $150 per junior associate, and $70 per legal assistant for work performed in a straightforward ERISA matter)).

### 1. *Lawrence Fuller, Esq.*

Attorney Fuller graduated from the University of Miami School of Law in 1974 and has been a member of the Florida Bar for more than 32 years. Pls. Mem. at 6-7, Ex. 2. In addition to extensive experience as a trial attorney in numerous state and federal courts, Attorney Fuller has worked on matters involving the enforcement of the ADA since approximately March 2001. *Id.*, Ex. 2. Plaintiffs request that the Court set Attorney Fuller's hourly rate at $385 per hour. *Id.* at 6. Plaintiffs contend that this requested hourly rate is justified based upon "the excellent results obtained in bringing the Defendant's property in compliance with the ADA." *Id.* at 8.

Plaintiffs cites to an award of attorney's fees in *Access 4 All, Inc. v. Jarel East End Hotel Corp.*, a similar ADA action that was brought in this District, in support of its request that the Court set Attorney Fuller's hourly rate at $385. *Id.*, Ex. 1. In an order dated December 19, 2005, District Judge Feuerstein awarded Attorney Fuller an hourly rate of $300 based upon his 31 years of experience as a practicing attorney and his four years of experience litigating ADA claims. *Id.* In *Access 4 All, Inc. v. Park Lane Hotel, Inc.*, No. 04 Civ. 7174, 2005 WL 3338555, at *5 (S.D.N.Y. Dec. 7, 2005), another ADA "architectural barrier" case brought by Attorney Fuller and his firm, Magistrate Judge Francis awarded Attorney Fuller an hourly rate of $350 based upon his "qualifications, the quality of the work performed in this case, and the range of hourly rates approved in similar cases in this district." *See also Access 4 All, Inc. v. Hi 57 Hotel, LLC*,

No. 04 Civ. 6620, 2006 WL 196969, at *5 (S.D.N.Y. Jan. 26, 2006) (awarding Attorney Fuller $350 per hour in similar ADA action).

Plaintiffs also cite to cases outside this district in which Attorney Fuller was awarded hourly rates of $300 and $325. Pls. Mem at 5 (citing *Disabled Patriots v. Regency Centers, L.P.*, No. 1:04-cv-0419-RWS (N.D. Ga. 2005) ($300 per hour); *Betancourt v. 3600 Centerpoint Parkway Investments, LLC*, No. 03-72868 (E.D. Mich. 2004) ($325 per hour)). Finally, Plaintiffs state that courts within this district have awarded at least one civil rights litigator with comparable experience and reputation an hourly rate of $300. Pls. Mem. at 5.

Finally, Plaintiffs submit an affidavit from Todd Shulby, Esq., an attorney licensed to practice in Florida who has handled "hundreds of civil rights actions." *Id.*, Ex. 7. Attorney Shulby states that his "current reasonable hourly rate" is $325 and that he has recently received attorney's fee awards at the $325 per hour rate. *Id.*

Defendant responds that Attorney Fuller's requested $385 hourly rate is excessive and is not in line with the hourly rates awarded in this district for attorneys with his level of experience and reputation. Def. Mem. at 15-16. Defendant points out that in each of the cases cited by Plaintiffs, the court awarded Attorney Fuller an hourly rate of substantially less than the $385 per hour that they request here. *Id.* at 16. Defendant also asserts that Attorney Shulby's affidavit should be given little or no weight by the Court because it contains merely his "subjective opinion of the reasonableness of the fees requested" and "shows no indication that Mr. Shulby is familiar with the facts or procedural history of this case." *Id.* at 17 (emphasis deleted). The Court agrees.

The Court finds that based upon the evidence submitted by Plaintiffs and upon a review of the *Arbor Hill* and *Johnson* factors, Attorney Fuller's requested hourly rate of $385 is well above the average hourly rate for similar cases in this District. Plaintiffs have submitted no proof that $385 is Attorney Fuller's customary hourly rate or that he was "able to bill any other client for the kind of litigation services rendered on behalf of plaintiffs at the claimed rates." *See Cho*, 524 F. Supp.2d at 208. In addition, neither the case law cited by Plaintiffs nor the affidavit submitted by Attorney Shulby support Plaintiffs' claim that Attorney Fuller should be compensated at $385 per hour. The highest hourly rate awarded to Attorney Fuller in the referenced cases was $350, and Attorney Shulby acknowledges that his highest customarily charged and awarded fee for this type of case is $325.

Additionally, Plaintiffs have failed to address the relative difficulty and complexity of litigating the issues of this case, aside from the conclusory assertion that counsel achieved "excellent results." Pls. Mem. at 8. The Court, left to make such determinations based on its own experience, finds that Plaintiffs' ADA claims regarding the "architectural barriers" that existed at the Premises were relatively straightforward and did not involve novel or complex theories or argument. Moreover, looking at the pleading filed here, it is clear that wholesale portions are duplicated from prior cases brought by Plaintiffs.

Based on the evidence submitted regarding the prevailing market rates and due to the straightforward nature of Plaintiffs' ADA claims, the Court finds that an hourly rate of $385 for Attorney Fuller is not warranted in this case. I particularly note Judge Feuerstein's observation which took into account Attorney Fuller's four years of experience litigating ADA cases (now seven years) in the context of his 31 years as a practicing attorney. *See Jarel East End Hotel*

*Corp.*, Pls. Mem., Ex. 1 at 7. Accordingly, the Court will adjust Attorney Fuller's hourly rate for this matter to $300 per hour. Such adjustment brings Attorney Fuller's hourly rate more in line with the prevailing market rate within this district. *See Finkel*, 2008 WL 552852 at *6 (awarding partner $225 per hour in ERISA/LMRA action); *Coated Fabrics Co. v. Mirle Corp.*, No. 06 CV 5415, 2008 WL 163598, at *7 (E.D.N.Y. Jan. 16, 2008) ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $375 for partners. . . ."); *Cho*, 524 F. Supp. 2d at 208 (awarding partner $250 per hour in straightforward wage litigation); *Merrill Lynch Bus. Fin. Services Inc. v. Brook-Island Med. Associates, P.C.*, No. 06 CV 5912, 2007 WL 2667454, at *6 (E.D.N.Y. Aug. 16, 2007) (awarding solo practitioner with 22 years experience $250 per hour)

### 2. *Thomas Bacon*

Attorney Thomas Bacon graduated from The American University, Washington College of Law in 1989 and has been an attorney for 18 years, most recently as a solo practitioner and then, as of February 2006, an associate with Fuller, Fuller & Associates, P.A. Pls. Mem. at 6, Ex. 2. Attorney Bacon, along with Attorney Fuller, has "handled hundreds of lawsuits seeking to force property owners to bring their property into ADA compliance and remove barriers to access." *Id.* at 7. Plaintiffs request the Court award Attorney Bacon an hourly rate of $350 for his work on this matter.

Plaintiffs do not submit any citations to cases in this district in which Attorney Bacon was awarded an hourly rate of $350,[4] nor do they submit any evidence that $350 is his customarily

---

[4] Plaintiffs do note that Attorney Bacon was awarded an hourly rate of $325 in *Access 4 All, Inc. v. Absecon Hospitality Corporation*, Civil Action No. 04-6060 (D.N.J. 2007). Pls. Mem. at 6.

charged rate or that this hourly rate was ever actually charged to, or paid by, his clients in similar cases. Plaintiffs again rely on the "excellent results obtained" as justification for this requested hourly rate, and again cite Attorney Shulby's affidavit which sets forth his opinion that such an hourly rate is reasonable. Pls. Mem. at 7, Ex. 7. The Court finds these assertions to fall short of the mark.

Defendants oppose Plaintiffs request for a $350 hourly rate for Attorney Bacon's work as being excessive and not in line with the prevailing market rates. The Court agrees. Moreover, the Court finds that the routine nature of this case warrants a reduction in Attorney Bacon's fee, given the breadth of Attorney Fuller's experience and position as lead counsel. *See Access 4 All, Inc. v. Grandview Hotel Limited Partnership*, No. 04 Civ. 4368 (Dec. 20, 2005) (Orenstein, J.) The prevailing hourly rate is this district for senior associates is $200 to $250, *Cho*, 524 F. Supp. 2d at 207, and Plaintiffs have submitted no evidence to justify any departure from these market rates. Accordingly, the Court exercises its discretion to reduce the hourly rate awarded to Attorney Bacon to $250 per hour in order to bring it in line with the prevailing market.

### 3. *Nelson Stern, Esq.*

Attorney Stern acts as both a named plaintiff and co-counsel for Plaintiff Access 4 All, Inc.[5] The only evidence submitted in support of Attorney Stern's qualifications is the length of time that he has worked as a practicing attorney and member of the New York Bar – 17 years. Pls. Mem. at 6, 7. Although not cited by Plaintiffs, the Court notes that in *Hi 57 Hotel, LLC.*, Attorney Stern was awarded an hourly rate of $350 for his work on a similar ADA matter. 2006

---

[5] As Magistrate Judge Maas noted in *Hi 57 Hotel, LLC*, Attorney Stern's dual role exempts him from the general rule that an attorney filing a lawsuit as a pro se plaintiff may not recover attorney's fees. *See Hi 57 Hotel, LLC.*, 2006 WL 196969 at *2 n.1.

WL 196969 at *3.  Finally, Plaintiffs rely on the "excellent results obtained" by their counsel in support of their request that this Court award Attorney Stern an hourly rate of $400 for his work on this case.  Pls. Mem. at 6, 7.

This Court agrees with the Defendant's assertion that the requested $400 hourly rate for Attorney Stern is beyond the appropriate market rate for an attorney of his experience in this district.  *See* Def. Mem. at 15.  Likewise, Attorney Stern for all appearances served the role of local counsel (in addition to his being a Plaintiff) in this matter, as reflected by his time entries. *See* Pls. Mem., Ex. 4.  Again, Plaintiffs do not cite any cases in which Attorney Stern was awarded an hourly rate of $400, nor do they submit any evidence that $400 is his customarily charged rate or that this hourly rate was ever actually charged to, or paid by, his clients in similar cases.  Based upon the evidence submitted by Plaintiffs, the Court finds that $225 is an appropriate hourly rate for the work performed by Attorney Stern in this matter.

### 4.    *Paralegal*

Although not specified in Plaintiffs' Memorandum of Law, it appears from the attorney time sheets submitted to the Court that Plaintiffs request that paralegal work be compensated at an hourly rate of $115.  *See* Pls. Mem., Ex. 3.  Defendants oppose this billing rate as excessive. Def. Mem. at 16.

Based upon the Court's review of the time records and the paralegal's duties in connection with this case, the Court finds that an hourly rate of $75, a rate normally awarded in this district for paralegal work (and awarded in two recent 2008 cases), is appropriate.  *See Coated Fabrics Co.*, 2008 WL 163598 at *8 (approving $75 per hour fee for paralegal work); *Finkel*, 2008 WL 552852 at *6 (finding $75 per hour fee for paralegals to be "reasonable and

appropriate"); *Cho*, 524 F. Supp. 2d at 208 (approving $75 per hour fee for legal assistant's work on wage and hour case).

### D.    Reasonable Number of Hours

To determine whether the number of hours spent by Plaintiffs' counsel were reasonable, the Court must "use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case." *Fox Indus., Inc. v. Gurovich*, No. CV 03-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)).  A court should "exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation . . . ." *Cho*, 524 F. Supp. 2d at 209 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  "In lieu of making minute adjustments to individual timekeeping entries, a court may make across-the-board percentage cuts in the number of hours claimed, 'as a practical means of trimming fat from a fee application.'" *Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 WL 1373118, at *5 (S.D.N.Y. May 8, 2007) (quoting *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987)).

A party seeking an award of attorney's fees bears the burden to document "the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." *Cho*, 524 F. Supp. 2d at 209 (internal citations, quotation marks, and alteration omitted).

### 1. *Vague and Block-billed Time Entries*

Defendant contends that many of the time entries are block-billed, vague, and provide insufficient detail as to the exact nature of the tasks performed. Def. Mem. at 14-15. The Second Circuit has clearly held that an attorney's contemporaneous time records "should specify, for each attorney, the date, the hours expended, and *the nature of the work done*." *Carey*, 711 F.2d at 1148 (emphasis added). The burden is on Plaintiffs' counsel to submit time records "from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1265 (2d Cir. 1987).

Initially, Defendant argues that "Plaintiff Stern's only submission in support of the Application is his one-page 'timesheet' consisting of 'vague and incomplete' task descriptions." Def. Mem. at 14, 25. The Court agrees. Upon review of the invoice, Pls. Mem., Ex. 4, Attorney Stern's October 13, 2006 time entry reflecting one hour spent to "Review initial pleading and file same" is the only time entry of which the Court can make any sense. Accordingly, of the 4.4 hours charged by Attorney Stern some of which time apparently was devoted to the *pro hac vice* motion of Attorney Bacon, the Court will award attorney's fees for this one hour time entry only.

With respect to Plaintiffs' remaining counsel, the Court agrees that Attorneys Fuller and Bacon could have amplified some of the time entries, such as "phone call(s) with opposing counsel" and "preparing letter to Defendant." Attorneys, however, are not required to provide the Court with a detailed accounting of each minute spent performing a task in the case. Rather, the records produced should be specific enough to assess the amount of work performed. *See Hensley*, 461 U.S. at 437 n.12. Having evaluated the records of the Fuller firm, the Court finds

that these time entries though vague in some instances are not so abstruse that the Court is unable to determine the nature of the work performed. Accordingly, no reduction of hours will be made on this basis.

### 2. *Billing Related to Attorney Bacon's* **Pro Hac Vice** *Motion*

Defendant argues that it was not necessary to move for Attorney Bacon's *pro hac vice* admission in the first instance because Attorney Fuller is admitted to practice in this district and because Attorney Stern could have acted as local counsel. Def. Mem. at 18. It is within the Court's discretion whether to award attorney's fees for a *pro hac vice* motion. *See Pretlow v. Cumberland County Bd. of Social Services*, No. Civ. 04-2885, 2005 WL 3500028, at *6 (D.N.J. Dec. 20, 2005). I decline to do so here. Moreover, the fact that Plaintiffs chose to utilize Florida counsel rather than equally qualified ADA counsel in this District was entirely up to Plaintiffs. Defendant is not required to pay for that choice. Accordingly, the Court declines to award any attorney's fees for the preparation of the *pro hac vice* motion. Accordingly, 1.3 hours attributable to Attorney Fuller on October 31 and November 7, 2006 and two-tenths of an hour attributable to Attorney Bacon on October 6, 2006 will be deducted from the attorney's fee award.[6]

### 3. *Discovery-Related Work Done While Engaging in Settlement Discussions*

Defendant contends that Attorney Fuller "needlessly" billed 2.9 hours on March 30, 2007 in connection with the preparation of discovery documents and Rule 26(a) disclosures "even though issue had not yet been joined, and he continued to bill for correspondence regarding

---

[6]     The Court has already disallowed recovery for the four-tenths of an hour Attorney Stern spent in connection with the *pro hac vice* motion. *See* Section IV(D)(1).

discovery issues after opposing counsel pointed out that this was needlessly running up the bill pending settlement." Def. Mem. at 19. Plaintiffs contend that it was necessary to perform such "initial discovery work" because it was unclear when, if ever, settlement would be accomplished and "counsel would have been remiss to hold the prosecution of this case in abeyance while a defendant drags settlement negotiations along for a period of several months." Reply Mem. at 10. The Court agrees that Plaintiffs did not act unreasonably by conducting such initial discovery efforts, and does not find the time expended on such efforts to be unreasonable. Accordingly, the Court declines to reduce Plaintiffs' requested fee award on this basis.

### 4. *Pre-Litigation Work*

Defendant argues that attorney's fees for the 3.2 hours spent by Attorney Fuller and Attorney Bacon on "pre-litigation" background work should not be recoverable. Def. Mem. at 19; *see* Pl. Mem., Ex. 3 (Attorney Fuller's September 14, 15, 22, and October 5, 2006 time entries and Attorney Bacon's August 23, September 6, 2006 time entries). Plaintiffs argue that this work, including "initial investigation of Plaintiff's claims, determination of property ownership, determination [of] whether the Defendant's premises was the subject of prior or pending ADA actions, etc.," was part of their general investigation of "the veracity of Plaintiffs' claims" as mandated by Rule 11. Reply Mem. at 10. The Court agrees that the time spent on this pre-litigation work was reasonable, *compare Lake v. Schoarie County Comm'r of Soc. Serv.*, No. 9:01-CV-1284, 2006 U.S. Dist. LEXIS 49168, at *26-27 (N.D.N.Y. May 16, 2006) (finding the more than 81 hours spent on initial investigation of a civil rights claim brought under Section 1988 to be excessive), and appears to have been expended in furtherance of the litigation. The Court will, however, deduct one-quarter hour from Attorney Fuller's September 15, 2006 time

entry for his phone call with Ms. Durbin, Plaintiffs' expert, as this does not correspond with Ms. Durbin's invoice and time records. *See* Section VI, below.

Moreover, the Court does not find that Attorney Bacon's expenditure of two hours to draft the Complaint in this case is excessive. *See* Def. Mem. at 22. While the Court recognizes that the Complaint is very similar to the complaint filed in *Access 4 All, Inc. v. Grandview Hotel Limited Partnership*, No. 04 Civ. 4368, 2006 U.S. Dist. LEXIS 15603, at *10 (E.D.N.Y. Mar. 6, 2006) (and, indeed, contains much of the same language and phrasing), the Court also notes that some work had to be put into the drafting of the Complaint to make it applicable to this particular case. Two hours was not an unreasonable amount of time to do so, and the Court will not reduce these requested hours.

### 5. *Work Done by Multiple Attorneys*

Defendant argues "[i]t is excessive in itself that three experienced attorneys participated in this straightforward action especially given that all three of the attorneys have been involved in numerous similar, if not identical, cases." Def. Mem. at 20. Although Defendant cites Attorney Fuller's attendance at the July 11, 2007 initial conference as an example, the Court finds that Attorney Fuller did not charge for his time spent to travel to or attend this conference. *See* Reply Mem. at 11-12. In addition, although both Attorney Bacon and Attorney Stern billed for time spent in connection with the Rule 34 inspection notice, the Court has already determined that this time charged by Attorney Stern will not be compensated. *See* Section IV, C, 1, above. Finally, the fact that Attorney Fuller and Attorney Bacon both participated in settlement negotiations does not automatically mean that their work was duplicative. *See Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 414 (S.D.N.Y. 2003) ("Multiple attorneys are allowed to recover fees on a case

if they show that the work reflects the distinct contributions of each lawyer."). Accordingly, the Court will not reduce the hours requested on this basis.

### 6. *The Instant Fee Application*

Defendant contends that the time spent by Plaintiffs preparing this attorney's fee application is excessive. In general, when a plaintiff is awarded reasonable attorney's fees, the plaintiff is also entitled to an award of reasonable attorney's fees in connection with the time spent to prepare the fee application. *See, e.g.*, *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999); *Valley Disposal, Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1059 (2d Cir. 1995); *Davis v. City of New Rochelle*, 156 F.R.D. 549, 560 (S.D.N.Y. 1994). In considering this issue, the Court notes that Plaintiffs' counsel has done many fee applications prior to this one and were not dealing with novel or complex issues. The Court has reviewed the time entries in connection with the fee application by Plaintiffs' counsel which indicate that Attorney Bacon spent 8.2 hours drafting the initial fee application and 11.2 hours drafting the reply, while Attorney Fuller spent one-half an hour reviewing the fee application. The Court finds these hours to be excessive, especially in light of the numerous prior fee applications drafted by Plaintiffs' counsel. Accordingly, the 19.4 total hours spent by Attorney Bacon will be reduced by half to 9.7 hours.

### 7. *Travel Time*

Defendant objects to Attorney Bacon's May 16, 2007 time entry which reflects three hours charged at his full hourly rate for "Travel to New York City for inspection"[7] and 4.6 hours

---

[7] Plaintiffs note that although it took Attorney Bacon six hours to travel to New York, he charged only three of those hours to Plaintiffs and charged the remaining three hours to another unrelated client. Reply Mem. at 13.

billed for "Local travel to inspection, attending inspection and meeting with expert." Def. Mem. at 22. It is well-established that within this circuit, time charged by an attorney for travel will be reimbursed at half of the attorney's hourly rate. *Duke v. County of Nassau*, No. 97-CV-1495, 2003 WL 23315463, at *5 (E.D.N.Y. Apr. 14, 2003) ("[A]ll time entries which account for travel time will be compensated at fifty percent of the attorney's general billing rate."); *Connor v. Ulrich*, 153 F. Supp. 2d 199, 203 (E.D.N.Y. 2001) ("[C]ourts in this circuit customarily reimburse attorney's for travel time at fifty percent of their hourly rates.") (internal quotation marks omitted). In Attorney Bacon's second entry, it is impossible to determine what portion of the 4.6 hours was devoted to "local travel." Accordingly, the entire 7.6 hours billed on May 16, 2007 will be compensated at $112.50 (or half of the $225 per hour rate the Court finds appropriate for Attorney Bacon, *see* Section IV, B, 2, above).

### E. Calculation of Presumptively Reasonable Fee

Based upon the Court's adjusted reasonable hourly rates and adjusted reasonable number of hours, the presumptively reasonable attorney's fees in connection with Plaintiffs' ADA claim are $18,465, and are calculated as follows:

| Attorney/Legal Intern | Hourly Rate | No. of Hours Requested | No. Of Hours Awarded | Award |
|---|---|---|---|---|
| Lawrence Fuller | $300 | 18.7 | 17.15 | $5,145 |
| Thomas Bacon | $250 | 52.9 | 43 | $10,750 |
| Thomas Bacon | $112.50 (travel rate) | 7.6 | 7.6 | $855 |
| Nelson Stern | $225 | 4.4 | 1 | $225 |
| Paralegal | $75 | 2.3 | 2.3 | $172.50 |
| **Total** | | | | **$17,147.50** |

**F.      Overall Reduction of Presumptively Reasonable Fee**

Defendant argues that the Court should exercise its discretion to reduce or decline to award attorney's fees because Plaintiffs and their counsel are "professional litigants" who have commenced 24 reported ADA actions in New York, Florida, Ohio, Massachusetts, and Texas, and who have filed 84 ADA-related actions in New York since 2003.  Def. Mem. at 8-9. Defendant asserts that an award of the full amount of attorney's fees requested is not warranted here because "important public policy interest[s] are served by preventing a proliferation of suits brought under the auspices of aiding the disabled, but [are] in reality commenced solely for the purposes of churning out billable hours."  Def. Mem. at 11-12 (collecting cases from Florida district courts in which courts criticized ADA-litigation "cottage industry").

Most persuasive to the Court is Defendant's citation to *Access 4 All, Inc. v. Grandview Hotel Limited Partnership*, No. 04 Civ. 4368, 2006 U.S. Dist. LEXIS, at *10 (E.D.N.Y. Mar. 6, 2006), a decision in which District Judge Platt reviewed a Report and Recommendation by Magistrate Judge Orenstein awarding attorney's fees to Plaintiff Access 4 All, another individual plaintiff, and their counsel Fuller, Fuller & Associated, P.A.  The court noted that the plaintiffs and their attorneys

> . . . have pursued dozens of Title III actions against various hotels in federal courts throughout New York, New Jersey, Massachusetts, and D.C.  These cases involve identical legal issues and similar factual issues.  The duplicitous nature of the litigation warrants a reduction in the law firm's fee award.

*Id.*  In particular, the court found that the complaint filed in *Grandview Hotel Limited Partnership* "contain[ed] the same boilerplate language as Complaints the firm filed" in at least

two other cases. *Id.* at *11. After comparing the Complaint filed in this action to the complaint filed in *Grandview Hotel Limited Partnership*, this Court concludes that the two pleadings contain most of the same "boilerplate language," and the Court has taken note of the evidence submitted by Defendant with respect to the numerous other similar ADA actions filed by Plaintiffs and their counsel, both within and outside this district. Curto Decl., Ex. C.

As the court in *Grandview Hotel Limited Partnership* noted, "[w]hen confronted with such a situation, a court may choose to (i) cut the number of hours billed, (ii) reduce the amount of the fee, or (iii) disallow the entire amount." *Id.* at *12 (choosing to reduce counsel's hourly rate from $250 per hour, awarded by Magistrate Judge Orenstein, to $150 per hour based upon "the garden variety nature of this action and its lack of complexity). The Court finds that an overall reduction of 15% of the attorney's fees awarded is appropriate in this instance. Accordingly, the presumptively reasonable fee of $17,147.50 is hereby reduced by 15% (or $2,572.13). Plaintiffs are hereby awarded attorney's fees in the amount of $14,575.37.

## V.    COSTS

The ADA provides that "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. Pursuant to Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Local Civil Rule 54.1 provides that taxable costs include monies expended for trial transcripts, deposition transcripts "if the deposition was used or received in evidence at the trial," and witness fees and mileage for witnesses that testify at

trial. Plaintiffs seeks a total of $2,702.74 in costs for the Fuller firm (which accounts for all the costs itemized in Exhibit 3 less the expert report fees, which are dealt with in Section VI, below) and seeks $300 in costs for Attorney Stern, *see* Pls. Mem., Ex. 4.

The Court maintains sole discretion whether to allow taxation of costs. *LoSacco v. City of Middleton*, 71 F.3d 88, 92 (2d Cir. 1995). Plaintiffs, as the prevailing party, bear the burden to justify the taxation of costs. *John & Kathryn G. v. Bd. of Educ. of Mount Vernon Pub. Sch.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995).

With respect to the costs incurred by the Fuller firm, Defendant objects to a May 9, 2007 $250 expense for "Travel: Meal(s) & Tip(s) & Ground Transportation incurred by attorney," because it does not correspond to any time entry or task performed by Attorney Fuller or Attorney Bacon on that date. Def. Mem. at 23. The Court agrees with Defendant and declines to reimburse Plaintiffs for this cost. Defendant also objects to a July 8, 2007 $250 expense for "Travel: Airfare and miscellaneous expenses for hearing," because the Fuller firm did not provide supporting documentation and because Plaintiffs did not explain why Attorney Fuller had to travel to attend the initial conference hearing when Attorney Stern resides locally. *Id.* The Court finds that this is a reasonable cost, especially considering that Attorney Fuller did not bill for his time to travel or attend this hearing. Accordingly, the Court will reimburse Plaintiffs for this cost.

Defendant also objects to the $750 "Re-Inspection Fee(s) to disability group." *Id.* at 24. Although Plaintiffs do not explain what a "re-inspection fee" is, the Court presumes that it is "for 'the reinspection contemplated after the Defendant completes the repairs of the existing barriers to access, to confirm that ADA violations have been corrected.'" *Park Lane Hotel, Inc.*, 2005

WL 3338555 at *5 (same Plaintiff Access 4 All, Inc. represented by the Fuller firm).  The Court agrees with the *Park Lane Hotel* court that "there is no basis for assessing against the defendant the costs of monitoring compliance where the monitoring entity has not been identified and the work has not been performed."  *Id.*  Accordingly, the Court declines to reimburse Plaintiffs for this $750 cost.

Finally, Plaintiffs seek reimbursement for a $300 "New case service" charge levied by Attorney Stern.  Plaintiffs have provided absolutely no evidence or explanation as to what this cost is or why it is necessary.  Accordingly, the Court declines to reimburse Plaintiffs for this $300 cost.

The Court finds Defendant's remaining objections to Plaintiffs' request for costs to be without merit.  Therefore, Plaintiffs will be awarded $1,702.74 in costs.

## VI.    EXPERT FEES

"Under the ADA, a court may award a plaintiff its expert witnesses' reasonable fees as a litigation expense."  *Access 4 All, Inc. v. Hi 57 Hotel, LLC*, No. 04 Civ. 6620, 2006 WL 196969, at *4 (S.D.N.Y. Jan. 26, 2006).  *See also* 42 U.S.C. §§ 12117(a), 12205; *Access 4 All, Inc. v. Park Lane Hotel, Inc.*, No. 04 Civ. 7174, 2005 WL 3338555, at *5 (S.D.N.Y. Dec. 7, 2005) (noting the court's discretion to award expert witness fees to prevailing parties under the ADA).  Plaintiffs seek reimbursement for expert witness fees in the amount of $5,512.50 for two reports prepared by Carol Durbin.  Pl. Mem. at 9-10, Ex. 8, 9.  Plaintiffs contend that based upon Ms. Durbin's credentials, $175 is a reasonable hourly rate for her services, *id.* at 10, Ex. 10, and has submitted an invoice detailing her activities in connection with these two reports.  *Id.*, Ex. 11.

Defendant contends initially that Plaintiffs should not be permitted to recover these expert witness fees because "[t]here was no need for expert witnesses because immediately after issue was joined, the parties commenced settlement negotiations," and so there was no pretrial discovery or motion practice. Def. Mem. at 24. Defendant also argues that Plaintiffs' use of an expert located in Florida rather than a "local expert" diminishes their entitlement to expert fees. *Id.* Finally, Defendant contends that Ms. Durbin's hourly rate of $175 is excessive. *Id.*

The Court disagrees with Defendant's contention that there was "no need" for Ms. Durbin's expert reports. Clearly, Plaintiffs relied upon Ms. Durbin's facility inspections and reports in initiating and litigating this case. *See Hi 57 Hotel, LLC*, 2006 WL 196969 at *4. Accordingly, Plaintiffs may recover the expert witness fees requested, with the following modifications. Ms. Durbin's August 21, 2006 Invoice contains an entry for "Meeting with plaintiff's counsel" on August 8, 2006 that does not correspond with any of the submitted attorneys' invoices. Accordingly, the amount of awarded expert fees will be reduced by $350 (2 hours x $175 hourly rate). In addition, while the Court finds Ms. Durbin's hourly rate of $175 to be reasonable, *see id.* (awarding expert fees based upon Ms. Durbin hourly rate of $175), the Court does not, in its discretion, find that Ms. Durbin's six hours of travel time should be compensated at her regular $175 hourly rate. Rather, the Court finds it appropriate to compensate Ms. Durbin's travel time at $87.50 per hour, or half of her hourly rate. *See Silberman v. Innovation Luggage, Inc.*, No. 01 Civ. 7109, 2002 WL 1870383, at *2 (S.D.N.Y. Aug. 13, 2002) (compensating expert witness for travel time at half his regular rate). Accordingly, the amount of awarded expert fees will be further reduced by $525 (six hours of travel time x $87.50 reduction from normal hourly rate).

Therefore, Plaintiffs' application for expert fees is GRANTED and Plaintiff is awarded $4,637.25 in expert fees.

**VII.    CONCLUSION**

Based on the foregoing, Plaintiffs' attorney's fee application is hereby GRANTED to the extent set forth above, and Plaintiffs are awarded $14,575.37 in attorney's fees. Plaintiffs' request to tax costs and expert fees is also hereby GRANTED and Plaintiffs are awarded $1,702.74 in costs and $4,637.25 in expert fees.

**SO ORDERED.**

Dated: Central Islip, New York
        September 30, 2008

                            /s/ A. Kathleen Tomlinson
                            A. KATHLEEN TOMLINSON
                            U.S. Magistrate Judge